### STEPHENSON ET UX. *v.* BALLARD ET AL.

PLEADING.—*Bill of Particulars.*—A complaint for work and labor performed and materials furnished in the erection of a house, and to enforce a mechanic's lien therefor, which does not set out a special contract and allege its performance, but alleges the making of a contract for the furnishing of materials and the erection of the house, and avers the furnishing of materials and the performance of labor, under the contract, to the amount of a certain sum of money, without a specific statement of the claim and without a bill of particulars, is bad on demurrer.

From the Boone Circuit Court.

*O. S. Hamilton* and *W. B. Walls,* for appellants.

*C. V. Wills,* for appellees.

DOWNEY, J.—Action by the appellees against the appellants, husband and wife, for work and labor and materials furnished, and to enforce a mechanic's lien therefor against the separate real estate of the wife. The complaint, after the introductory part, is as follows:

" James B. Ballard and Harvey B. Darnall, plaintiffs, complain of Samuel S. Stephenson and Mary Stephenson, defendants, and say, that on or about the 15th day of March, 1873, the plaintiffs entered into a contract with the defendant Mary

Stephenson for the furnishing of materials and the erection of a frame dwelling-house on lot No. eight (8), in Isaac Coon's addition to the town of Lebanon, etc., said lot eight being the separate property of the defendant Mary Stephenson, wife of the defendant Samuel S. Stephenson; that said improvements were necessary for the full and complete enjoyment of said real estate of the defendant Mary Stephenson; and that plaintiffs did, under the contract above mentioned, furnish materials and perform labor upon the erection of said frame dwelling-house, on said lot No. eight, in," etc., " to the amount of two hundred and four dollars and twenty-seven cents; all of which remains due and unpaid, except the sum of twenty-one dollars paid plaintiffs by said defendant Mary Stephenson, on," etc.

"And the plaintiffs further say, that on the 6th day of December, 1873, and within sixty days after the completion of said building, they caused to be filed and recorded in the proper records in the recorder's office of Boone county, Indiana, a notice of their intention to hold a lien upon said premises for said sum of one hundred and eighty-three dollars and twenty-seven cents," etc.; " wherefore," etc.

A demurrer to the complaint was filed by the defendants, and overruled by the court. An answer consisting of several paragraphs, and among them the general denial, was then filed by the defendants, to the affirmative paragraphs of which there was a general denial filed by the plaintiffs. The cause was tried by a jury, and there was a verdict for the plaintiffs. A motion for a new trial was made by the defendants, and overruled by the court, and final judgment was rendered on the verdict for the enforcement of the lien.

The errors assigned are the overruling of the demurrer to the complaint, and the refusal to grant a new trial.

The objection to the complaint urged in the brief of counsel for appellants is, that it fails to set out the particulars of the contract, and also fails to set out a bill of particulars.

The complaint is not carefully drawn. It does not allege

VOL. L.—12

a special contract, for it fails to state the time and the price agreed upon for which the materials were to be furnished and the dwelling-house erected. In alleging the performance of the contract, it does not aver performance of the contract in full, but alleges only " that plaintiffs did, under the contract above mentioned, furnish materials and perform labor upon the erection of said frame dwelling-house, on," etc., " to the amount of two hundred and four dollars and twenty-seven cents." Had a special contract been properly averred for the furnishing of the materials and erecting the house, and had a full and complete performance of the contract been alleged, no bill of particulars or more particular statement of the claim would have been necessary. But, as it is not claimed that there was a special contract made by the parties, and fully complied with by the plaintiffs, but only that they furnished materials and did work under the contract, we think it was necessary that the nature of the plaintiffs' claim should have been more specifically stated. The case seems to us much like that of *Wolf* v. *Schofield*, 38 Ind. 175, in which a bill of particulars was held necessary.

The other alleged error need not be considered, as a new trial will result from the ruling already made.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.