## MERRITT v. PEARSON.

MECHANIC'S LIEN.—*Action by Laborer against Owner.—Pleading.*—In an action by a mechanic, employed by a contractor, against the owner of real estate, to enforce a lien for labor expended by the plaintiff in the erection, by the contractor, for the owner, of a building thereon, an averment in the complaint, referring to a bill of particulars attached thereto, which shows the amount due from the contractor to the plaintiff, is sufficient.

SAME.—*Evidence—Record of Notice.*—The record of the notice of intention to hold a lien, filed by a mechanic against the owner of property, for the debt of the contractor to the mechanic, is competent evidence in an action by the mechanic against such owner, to enforce a mechanic's lien.

SAME.— *Value of Plaintiff's Services.*—The defendant owner in such action may give evidence that the value of the services rendered by the plaintiff for the contractor are not worth the amount charged in his notice of lien and bill of particulars.

SAME.—*Defence.—Payment to Contractor.*—It is no sufficient answer in such action, that the defendant, before he had notice of the mechanic's lien, had paid the contractor in full.

SAME.—*Fraud.*—It is no sufficient answer in such action, that the defendant had paid the contractor in full, and that the plaintiff had thereafter permitted the contractor to leave the State, taking with him property sufficient to pay the plaintiff's claim, without attempting to collect the same, with intent to defraud the defendant.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.

*L. McClurg* and *J. V. Kent*, for appellee.

PERKINS, J.—Suit by appellee, against appellant, to recover for labor done, and to enforce a mechanic's lien upon property.

The material facts alleged in the complaint are, that, in the Summer of 1875, William Merritt employed Josiah Anawalt to build for him, said Merritt, a barn on a certain piece of ground, particularly described; that said Anawalt did erect the barn, pursuant to his contract with Merritt; that Anawalt employed the appellee, Pearson, to labor for him on said barn; that he did so labor; that Anawalt failed to pay him therefor; that, in proper time, he filed due notice of intention to hold a lien on the property, etc.

The averment of the amount of the claim for which he seeks to enforce a lien is thus stated in his complaint:

"The amount and character of said work and labor will more fully appear by a bill of particulars, herewith filed and made a part hereof:

"Josiah Anawalt to George Pearson,                                    Dr.

"July '75: To 38½ days' work on Mr. Merritt's
  barn, at $1.75 per day,  .    .    .      .  $66.93

"Cr. By cash,  .    .    .    .    .    .    .    .   10.00

"Bal.  .    .    .    .    .    .    .    .    .    .  $56.93"

A demurrer was overruled to the complaint, and exception taken.

The demurrer was filed, on the ground that the complaint did not state sufficient facts to constitute a cause of action. It is insisted, in argument, that this ground existed, because the above copied averment and bill of particulars did not amount to an allegation of any sum due the appellee from anybody.

We think this objection to the complaint untenable.

The appellant answered:

1. In denial of the allegations of the complaint.

2. That, before he had notice of the appellee's lien, he had fully paid Anawalt.

3. That he had fully paid Anawalt, "and some time afterward, and after the plaintiff's" (appellee's) "claim fell due, he, said Anawalt, left this county and State, for parts unknown, taking with him property subject to execution, sufficient to fully satisfy plaintiff's claim; and, by the exercise of reasonable diligence, he, plaintiff, could have fully collected his claim off of said Anawalt, before he left the county and State as aforesaid, all of which he well knew at the time, and was then and there notified by this defendant" (appellee), "and was requested by defendant to bring suit and make his said claim off of said Anawalt before he left the State and county as aforesaid, and save this defendant harmless, which he easily could have done, but which he then and there fraudulently neglected and refused to do, until the said Anawalt had left the said county and State, carrying with him all his said property subject to execution; by which said fraudulent conduct and conniving of the plaintiff herein with the said Anawalt, contractor as aforesaid, he permitted the said Anawalt to leave the State as aforesaid, and he did then and there file his said lien, with the fraudulent intent to collect it from this defendant," etc.

4. Payment to plaintiff by Anawalt.

A demurrer to the second and third paragraphs of answer was sustained, and the ruling excepted to.

The cause was put at issue, was tried by the court, and a finding and judgment had in favor of the plaintiff for fifty-six dollars and three cents, and that he have a lien, etc.

Motion for a new trial, on the ground that the finding was not sustained by evidence, was contrary to law, and for the further reason that the court committed errors during the trial of the cause.

The admission in evidence of the record of the notice of intention to hold a lien, contained in the lien record made and kept by the recorder of the county, was one of the errors claimed to have occurred at the trial. The only objection made to it was, "that the same was irrelevant." It was relevant to an issue in the cause, viz.: the right of the plaintiff to a lien. The plaintiff had filed the notice in due time, and in proper terms, and the record was evidence tending to prove it.

The court did not err in admitting the record.

The remaining error alleged to have occurred at the trial is thus stated in the bill of exceptions:

"At the proper time the defendant, Merritt, offered to prove by one Daniel McQuaid, and other competent witnesses present, that the plaintiff, in the performance of said work diligently, and did not perform as much work per day as competent hands are accustomed to do, and that his said work was not worth the sum of one dollar and seventy-five cents per day, as he had claimed and testified; but the court refused to permit such proof, to which ruling the defendant at the time excepted," etc.

We think the court erred in this ruling. Anawalt is not a party to this suit, and would not be bound by the judgment. Had he been a party, he could have made the defence proposed. When Merritt has paid the amount of the judgment against him in this case, he may sue Anawalt to recover from him the amount, and Ana-

walt may, in such suit, make the defence proposed in this suit. Hence, Merritt ought to have been allowed to make such defence.

That the court did not err in sustaining the demurrer to the second paragraph of the answer, is established in the case of *Colter* v *Frese*, 45 Ind. 96.

We think, also, that the third paragraph of answer was bad. We think it more in harmony with the purpose of the statute to hold that the appellant, the owner of the barn, should have paid the plaintiff, thereby freeing his property from the lien, and then sued Anawalt, if he desired to, to recover the amount paid to his use, than to hold that the appellee was bound to sue him. See *Halstead* v. *Brown*, 17 Ind. 202.

The judgment is reversed, with costs, and the cause remanded, etc.