Filed June 5, 1894.

---

No. 1,373.

## VORHEES ET AL. *v.* BECKWELL.

MECHANIC'S LIEN.—*Complaint, Sufficiency of. — Acceptance.*—In an action to enforce a mechanic's lien, if it is shown that the work was accepted, with a promise to pay therefor, the complaint is sufficient, even if it should fail to show a complete compliance with the terms of the original contract.

SAME.—*Necessary Parties.—Owners of Equity of Redemption.*—In a proceeding to enforce a mechanic's lien, persons who own the equity of redemption in the property are necessary parties.

SAME.—*Proper Parties.—Husband and Wife.*—In such a proceeding against the property of a married woman, the husband is a proper party defendant.

Appeal from Kosciusko Circuit Court.

*W. D. Frazer*, for appellants.

*S. J. North, J. W. Cook* and *H. S. Biggs*, for appellee.

Ross, J.—The appellee brought this action against the appellants to foreclose a mechanic's lien.

It is alleged in the complaint that the appellant, Eliza S. Vorhees, was on the 2d day of April, 1890, and still is the owner of certain real estate in Kosciusko county, Indiana. That for the betterment and improvement thereof, she erected thereon a frame dwelling house, and appurtenances thereto, in the spring and summer of 1890. That the appellant John Vorhees, who was the husband of Eliza S. Vorhees, as her agent, made a contract, a copy of which was filed with the complaint, for the erection of said dwelling house. It is also alleged that appellee furnished the materials and erected the house, and that during the progress of the work said Eliza S. Vorhees requested appellee to make certain additions, and to furnish additional material and labor not provided for in the original contract. That she was present during the time the house was being erected, and directed the work, and agreed to pay therefor. The other necessary facts with reference to the giving of notice, a failure to pay, etc., are all alleged.

It is insisted by counsel for appellants that the court erred in overruling the demurrer to the complaint. The causes of demurrer were, first, that the complaint does not state facts sufficient, and second, that there was a misjoinder of causes of action.

The objection urged that the complaint does not state facts sufficient to constitute a cause of action, is that there is no allegation either that the materials furnished or the work done "were of the character and kind contracted for, nor that the building was erected in accordance with the terms of the contract. The objections are untenable. The facts alleged, we think, sufficiently show a compliance with the contract. But even were it uncertain

in that respect, the fact that the work was accepted, and an agreement made to pay therefor, would obviate the necessity for showing a complete compliance with the terms of the original contract. The complaint in this respect is sufficient. The complaint states a good cause of action against the appellant, Eliza S. Vorhees.

As to the appellants Charles A. Sudlow and Fletcher E. Marsh, it is alleged that since the recording of the notice of the intention to hold a lien, the property has been deeded to them by said Eliza S. Vorhees, and that they are claiming to be the owners thereof, and are made parties to answer as to their interest.

They were necessary parties if they owned the equity of redemption.

The appellant John Vorhees was a proper party, for it is alleged that he is the husband of the appellant Eliza S. Vorhees.

The theory of the complaint is simply to foreclose a mechanic's lien, and states facts sufficient to constitute a cause of action against all of the appellants.

There was no error in overruling the demurrer thereto.

What we have said in reference to the theory and sufficiency of the complaint, disposes of the second and third errors assigned, namely, that the court erred in sustaining the demurrers to the fourth and sixth paragraphs of the answer. Counsel's only argument in support of the sufficiency of these answers being that if the theory of the complaint is upon the contract, and good only as against the appellant John Vorhees, then these answers are good. Having held that that is not the theory of the complaint, we need not consider these answers further.

The last error assigned is that the court erred in overruling the demurrer to the second paragraph of the reply.

Counsel have not pointed out any defect in the reply to make it insufficient under the theory of the complaint as we have considered it.

We find no available error in the record.

Judgment affirmed.

Filed June 5, 1894.