## FISH *v.* BLASSER ET UX.

[No. 17,774.   Filed November 6, 1896.]

EJECTMENT.—*Improvements.*—*Tax Title.*—An invalid tax deed constitutes a colorable title under the provisions of section 1093, Burns' R. S. 1894, which will entitle the holder to recover in ejectment for improvements made by him upon the land.

APPEAL.—*Objections not Raised Below.*—The objection that an occupying claimant exercised his right to recover, for improvements, under a cross-complaint in the main action can not be first made on appeal.

LIMITATION OF ACTION.—*Taxes and Improvements Paid by One Occupying under Tax Deed.*—The right of action of an occupying claimant to recover for taxes paid and improvements made upon land, accrues when he is adjudged not to be the rightful owner thereof, and a recovery of the premises awarded to the plaintiff.

From the Pulaski Circuit Court. *Affirmed.*

*Borders & Borders*, for appellant.

*Steis & Hathaway*, for appellee.

JORDAN, J.—Appellant prosecuted this action in the lower court to recover possession of certain described real estate and to quiet title. Appellee filed an answer and cross-complaint. By the latter he set up and sought to recover, as an occupying claimant

under the code, taxes paid and the value of permanent improvements made by him upon the land in dispute, subsequent to its purchase. A trial resulted in favor of the appellant upon his complaint, and in favor of the appellee upon the matters set up in his cross-complaint. Counsel for appellant insist upon two alleged errors, which are predicated upon the court's conclusion of law upon the special finding of facts, and upon its action in overruling the motion to modify the judgment. An outline of the material facts, as found by the court, are substantially as follows:

On March 2, 1878, the auditor of Pulaski county, wherein the land in controversy is situated, executed to one Sedgwick a tax deed "in due form" for said real estate upon a previous sale of the same to him for delinquent taxes. On October 15, 1883, Sedgwick and wife executed a quit-claim deed for the same land to the appellee. Both of these deeds were properly recorded. At the time appellee acquired his claim to the land it was not under fence, and was "uncultivated, unimproved," and covered by water during the greater portion of the year. After receiving his deed from Sedgwick, appellee took possession thereunder in 1884, and each year he would harvest the grass which grew wild thereon, and while occupying it under color of title, he paid the taxes and made permanent and valuable improvements, such as fencing, grading, and ditching said land, and was still in possession at the commencement of this action. On July 11, 1895, the appellant obtained a deed to the land from Lyle E. Ripley, and before the commencement of this action, demanded possession of appellee.

The court found, as a conclusion of law, that appellee obtained no title to the land through the deed from Sedgwick; but that such conveyance was sufficient to, and did give him color of title, and that he was en-

titled to recover for taxes paid and improvements made, under the provisions of the law relative to occupying claimants. Appellant insists that the tax deed to Sedgwick did not give color of title sufficient to entitle appellee to recover the taxes paid and the value of permanent improvements. Section 1093, Burns' R. S. 1894 (1080, R. S. 1881), of the statute, applicable to the rights of an occupant of land under color of title, provides as follows: "The purchaser in good faith at any judicial or tax sale, made by the proper person or officer, has color of title within the meaning of this act, whether such person or officer had sufficient authority to sell or not, unless the want of authority was known to the purchaser at the time of the sale; and the rights of the purchaser shall pass to his assignees or representatives." There is nothing in the finding of facts tending to show that Sedgwick, through whom appellee claimed title, at the time he purchased the land at the sale for delinquent tax, had any knowledge of the absence of authority for the sale of the land in satisfaction of such tax, or that he was not a purchaser in good faith.

Bad faith is the opposite of good faith; it is a species of fraud, and therefore is never presumed, but must be proven by the party who asserts that it exists in a particular instance. It follows, as a necessary sequence under the facts, when applied to the above section of the statute, that appellee had a colorable title to the realty in controversy, and under it, having made the permanent improvements in question, we must presume that they were made in good faith, until the contrary is made to appear. Hilgenberg v. Northup, 134 Ind. 92. Consequently, when it was judicially found that he was not the rightful owner of the land, he was entitled to avail himself, under the law, of the rights of an occupying claimant.

It is further contended by appellant that appellee ought not to recover in this action as such claimant for the reason that he exercised his right so to do under a cross-complaint in the main action. It is a sufficient answer to this contention to say that this procedure was not questioned in the court below, and appellant cannot be heard to complain of it for the first time in this court.

The next insistence is that appellee's right to recover was barred by the limitation statute of fifteen years, applicable to the foreclosure of a lien for taxes. But he did not seek a foreclosure of any such lien. His right to proceed under the act relative to occupying claimants accrued when he was found, as in this action, not to be the rightful owner of the land, and its recovery awarded to the appellant. Section 1087, Burns' R. S. 1894 (1074, R. S. 1881); *Westerfield* v. *Williams*, 59 Ind. 221.

Appellant filed a motion requesting the court to modify its judgment so as to award a recovery only for taxes paid by the appellee, and not for the value of the improvements. Under the facts in the case, the court did not err in denying this motion.

There being no available error in the record, the judgment is affirmed.