MCTURNAN ET AL. *v.* DAILEY.

[No. 27,075.   Filed May 17, 1938.]

*John C. McNutt, Foley & Foley,* and *Lawrence H. Hinds,* for appellants.

*Ristine & Ristine, Robert A. Adams, Denny Adams, Baker & Orbison,* for appellee.

SHAKE, J.—This is an appeal from a judgment and decree of foreclosure of a mechanic's lien. The appellee contracted with Alice Kelsey, now deceased, for the installation of an oil burner furnace. The contract was in the form of a letter addressed to Mrs. Kelsey at "403 S. Water St.," Crawfordsville, Indiana. It contained no other reference to the location of the property. The notice of intention to hold a lien described by metes and bounds a part of lot 2 in William S. Galey's Heirs First Addition to the City of Crawfordsville. The contract and

the notice were made exhibits to the complaint and the description of the real estate set forth in the complaint was identical with that contained in the notice. The complaint did not state that the real estate referred to in the contract and that mentioned in the notice and complaint were the same, nor was there any allegation that the work and labor was done and materials furnished on or for the real estate described therein.

There was a demurrer to the complaint and the memorandum called attention to the absence of any allegation in the complaint that the equipment contracted for was installed in or used on the property described in the notice and complaint. The demurrer was overruled and this is assigned as an independent error.

The complaint was clearly defective. It is well settled by the decisions of this state that it is essential that a complaint to foreclose a mechanic's lien disclose that the work and labor alleged to have been performed, and ·the materials claimed to have been furnished, were upon and for the real estate against which the lien is sought to be asserted. *City of Crawfordsville* v. *Brundage* (1877), 57 Ind. 262; *City of Crawfordsville* v. *Lockhart* (1877), 58 Ind. 477; *Lawton* v. *Case* (1880), 73 Ind. 60; *Windfall Natural Gas, etc., Co.* v. *Roe* (1908), 42 Ind. App. 278, 85 N. E. 722.

The error of the court in overruling the demurrer would require the reversal of this cause unless the judgment appealed from can be said to be saved by §2-1013 Burns 1933, (§117 Baldwin's 1934), which provides that "no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appears from the whole record that the merits of the cause have been fairly determined." In this cause there was also a

motion for a new trial, and one of the grounds assigned therefor was that the decision of the court was not sustained by sufficient evidence. In support of this claim the appellants say that there is an entire lack of evidence to establish that the work and labor done and materials furnished in the installation of the furnace were on the real estate described in the complaint.

In determining whether an admitted error in overruling a demurrer to a complaint may be considered harmless on appeal, the so-called scintilla of evidence doctrine can have no application. It is not sufficient that there is some evidence, together with the legitimate inferences that may be drawn therefrom, that will support the judgment appealed from. The obligation imposed upon the appellate tribunal by the above provision of the statute is definite and positive. Before this court may say that the error in denying the demurrer was harmless, we must examine the whole record and find that the merits of the cause have been fairly determined. To utilize the more liberal practice, indulged when we are asked to reverse a cause on the evidence, would defeat and destroy the valuable functions of a demurrer in our civil practice. There would be little use for a demurrer if, when one is wrongfully overruled, this court should adopt the policy of holding such ruling harmless, if there is some evidence which, with the inferences, would sustain the judgment appealed from.

We have carefully scrutinized all of the evidence disclosed by the record and while there may be, and probably is, some evidence, together with the legitimate inferences that might be drawn therefrom, that would sustain the judgment, we would not be warranted in saying, from a consideration of the whole record, that the merits of the cause have been fairly determined.

Since the case must be reversed for error of the trial

court in overruling the demurrer to the complaint, it is unnecessary for us to consider the other alleged errors.

Reversed, with directions to sustain appellant's demurrer to the complaint and for further proceedings in conformity herewith.