GETTO *v.* GETTO

[No. 17,617.   Filed June 6, 1947.   Rehearing denied September 30, 1947.   Transfer denied October 30, 1947.]

*Edmund Roberts,* of Gary, for appellant.

*Paul R. Piazzo,* of Gary, for appellee.

HAMILTON, J.—This is an appeal from a judgment of the Lake Superior Court, Room 4, modifying a judgment and decree of divorce entered on September 12, 1944, wherein, as a part of a decree of divorce, the care and custody of the two minor children of appellant and appellee were awarded to appellant, and appellee was ordered to make certain payments for their care and maintenance.

The error assigned is the overruling of appellant's motion for a new trial, which assigns as reasons therefor: (a) That the decision of the court is not sustained by sufficient evidence; (b) that such decision is contrary to law; and (c) error in assessing the amount of recovery, it being too small.

A consideration of the propositions and points pre-

sented in appellant's brief requires a consideration of the evidence heard by the trial court.

Rule 2-17 (e), 1946 Revision of the Rules of the Supreme Court of Indiana, provides in part:

"The brief of appellant shall contain short and, clear statements disclosing:

"(e) A concise statement of so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript. . . . *The record must be stated accurately and impartially. If the insufficiency of the evidence to sustain the verdict or finding of fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely.*" (Our emphasis.)

An examination of appellant's brief under the heading, "VI. A Condensed Recital of the Evidence," discloses that, to prove certain specified facts which are set forth, appellee was called as a witness by appellant's attorney, and the following questions and answers appear as a part of appellee's direct examination. Then there is copied verbatim a series of questions and answers in the examination of appellee, John D. Getto, testifying as a witness. However, all of the evidence given by the witness is not set forth.

On page 27 of appellant's brief we find the following: "The appellant was called to testify and she proved the allegations of her verified petition for citation and her supplemental petition for citation, to wit:". Then follows a statement of the allegations in the petitions. On pages 28 to 39, inclusive, of appellant's brief is set forth a verbatim copy of certain questions and answers in the testimony of appellant and appellee as they testified upon the hearing, interspersed with statements of the conclusions and opinion of the writer of appel-

lant's brief as to what certain witnesses testified and what the evidence establishes.

Nowhere in appellant's brief is there a condensed recital in narrative form of all of the evidence given in the cause.

Appellee has not seen fit to file a brief supplying the omission found in appellant's brief, and this court will not search the record to determine the insufficiency of the evidence in order to reverse a cause. *Humphrey* v. *Pleasure Park Company* (1933), 97 Ind. App. 592, 594, 187 N. E. 682. From an examination of appellant's brief we are unable to determine what evidence was considered by the trial court in rendering its judgment.

Under the Indiana authorities we are compelled to hold that appellant's brief is insufficient, under Rule 2-17 (e), *supra,* to present any question regarding the action of the lower court in overruling appellant's motion for a new trial. *Thomas* v. *Hennes* (1922), 78 Ind. App. 275, 279, 135 N. E. 392; *Humphrey* v. *Pleasure Park Company, supra; Sodders* v. *Jackson* (1942), 112 Ind. App. 179, 184, 44 N. E. (2d) 310; *Gray* v. *James* (1935), 100 Ind. App. 257, 262, 194 N. E. 203; *Alford* v. *Reid* (1944), 222 Ind. 137, 139, 52 N. E. (2d) 357.

Judgment affirmed.

NOTE.—Reported in 73 N. E. (2d) 350.