PREWITT ET AL. *v.* LONDEREE.

[No. 20,231. Filed May 20, 1966. Rehearing denied June 6, 1966. Transfer denied June 27, 1967.]

*James L. Kershaw* and *Goltra & Kershaw,* both of Columbus, for appellants.

*Ralph L. Jewell, Lawson & Jewell, Robert L. Stevenson,* and *Phillips, Stevenson & Wells,* all of Columbus, for appellee.

SMITH, P. J.—This is an action brought by the appellee against the appellants to foreclose a mechanic's lien and for a judgment in personam.

The appellants entered into a contract with the appellee wherein the appellee agreed to construct a dwelling house and garage for the appellants. Sometime after the construction had

commenced, the appellants orally requested the appellee to make certain alterations and additions to the original plans and specifications; and, in compliance with these requests, the appellee agreed to make and did make such requested alterations and additions. Upon completion of the dwelling house and garage, in lieu of paying the appellee-contractor, the appellants made direct payments to certain material men and laborers. Thereafter the appellee-contractor filed a mechanic's lien against the real estate upon which the dwelling house and garage was erected, and subsequently filed this action to foreclose the mechanic's lien and for a judgment in personam.

The issues were formed by the appellee's amended complaint to foreclose the mechanic's lien in which was alleged that a special contract had been entered into between the appellants and the appellee wherein the appellee agreed to construct a dwelling house and garage for the appellants. The complaint further alleged that certain alterations and additions to the original plans and specifications, as specified in a bill of particulars, had been made at the request of the appellants.

To this complaint the appellants filed an answer in five paragraphs. The first paragraph, in compliance with Rule 1-3 of the Supreme Court, was an answer in affirmance and denial; the second paragraph alleged a tender of money to the appellee in full satisfaction of all of appellee's claims, and a subsequent payment of the tender to the Clerk of the Bartholomew Circuit Court; the third paragraph alleged payment of all of appellee's claims; the fourth paragraph alleged payment by the appellants in full satisfaction of certain mechanic's liens filed against the real estate of the appellants for obligations incurred solely by the appellee in connection with the construction of the dwelling house and garage; and the fifth paragraph of answer alleged a modification of the original contract.

The appellants filed a counter-claim for damages arising from a special contract in connection with the purchase and installation of an air conditioner.

The appellants also filed a set off for the amounts they paid to the holders of mechanic's liens, placed against their real estate, for obligations incurred solely by the appellee, and for amounts they paid to or for appellee's account.

The cause was tried by the court without the intervention of a jury.

At the request of the appellants-defendants, the court made special findings of fact as follows:

"1. That on the 13th day of July, 1960 and continuously from that time through the presentation of the evidence herein on January 9, 1964, the defendants were the owners in fee of the following described real estate, to-wit:

"Lot Numbered Sixty-two (62) in Parkside (Third Section) and Addition to the City of Columbus, Bartholomew County, State of Indiana, as recorded in Plat Book "E" pages 154-155, in the Office of the Recorder of Bartholomew County, Indiana.

"2. That on the 13th day of July, 1960, plaintiff and defendants entered into a written contract whereby defendants agreed to pay said sum for the construction of said dwelling house and garage.

"3. That in pursuance of said written contract and in pursuance of certain request by defendants for changes, alterations and additions which were at variance with said contract, plaintiff did furnish the labor and materials in the construction of said dwelling house and garage and did complete the construction of the same in the month of December, 1960, and that plaintiff conscientiously attempted to comply with all the wishes of defendants in the construction of said dwelling house and garage.

"4. That during the construction of said dwelling house and garage, the defendant Albert M. Prewitt stated to plaintiff that plaintiff should comply with all of the requests of the defendant Pauline Prewitt concerning said construction and that he, Albert M. Prewitt, would pay the costs thereof.

"5. That the reasonable value of the labor and materials in the construction of said dwelling house and garage is in the sum of $23,500.00.

"6. That plaintiff, on January 12, 1961, being less than 60 days after he had completed this construction of said dwelling house and garage, filed in the Recorder's Office of Bar-

tholomew County, Indiana, a notice of his intention to hold a mechanic's lien on the above described real estate in the amount of $19,057.28.

"7. That defendants have paid plaintiff the sum of $1,025.00 toward the construction of said dwelling house and garage.

"8. That additionally, defendants have expended the sum of $17,918.80 toward the construction of said dwelling house and garage, and that the sum of $16,076.12, being a part of said $17,918.80 was paid by defendants directly to subcontractors and material men without the consent of plaintiff and that the sum of $830.56, over and above the cost of materials to plaintiff was paid to Dunlap and Company, Inc., one of said material men and that the sum of $152.00, over and above the cost of materials to plaintiff was paid to Triangle Masonry, one of said material men, making a total of $982.56 expended by defendants over and above what was necessary to expend.

"9. That the sum of $5,538.20 now owing to plaintiff is wholly due and unpaid.

"10. That plaintiff has demanded of defendants payment for the construction of said dwelling house and garage, but that defendants have refused his demand.

"11. That plaintiff has been compelled to employ legal services in the foreclosure of his said lien and in the prosecution of his suit herein, and that a reasonable fee for said services which have been performed by attorneys Robert L. Stevenson and Ralph L. Jewell is the sum of $2,050.00."

The court then made the following conclusions of law:

"(1) That the law in this case is with the plaintiff;

"(2) That the statement of defendant Albert M. Prewitt as mentioned in Paragraph 4 of the Findings of Fact herein as a matter of law amounted to a rescission of the written contract therefore entered into by plaintiff and defendants, and further amounted to an implied promise on the part of said defendant to pay the reasonable value of labor and materials furnished by plaintiff in the construction of the dwelling house and garage now situated on the real estate described in the above Findings of Fact."

Upon the findings of fact and conclusions of law made by the court, the court entered the following judgment:

"IT IS, THEREFORE, ORDERED AND ADJUDGED AND DECREED BY THE COURT that the plaintiff have and recover against the defendants the sum of $5,538.20 and also that the plaintiffs receive of and against the defendants the sum of $2,050.00 attorney fees and all of which is ordered, adjudged and decreed by the Court.

"It is further considered, adjudged and decreed by the Court that a certified copy of this order and decree issue to the Sheriff of said Bartholomew County, directing and commanding him to sell the said real estate situate in Bartholomew County in the State of Indiana, to-wit:

"Lot Numbered Sixty-two (62) in Parkside (Third Section) and Addition to the City of Columbus, Bartholomew County, State of Indiana, as recorded in Plat Book "E" pages 154-155, in the Office of the Recorder of Bartholomew County, Indiana."

The appellants' motion for a new trial was overruled, which ruling is the basis of this appeal.

The motion for a new trial contains seven grounds of error; however, the appellants have argued only the first three grounds of alleged error set forth in the motion for a new trial, namely,

1. The trial court erred in the assessment of the amount of recovery—that the amount of recovery is too large.

2. The decision of the trial court is not sustained by sufficient evidence.

3. The decision of the trial court is contrary to law.

The appellee asserts that the appellants, by failing to support alleged errors 4, 5, 6 and 7 set forth in the motion for a new trial, have waived these errors. The appellants in their reply brief concede that the position of the appellee is correct and that said errors 4, 5, 6 and 7 have been waived. Therefore, this court will concern itself only with a review of alleged errors 1, 2 and 3 contained in the motion for a new trial.

The assignment of errors reads as follows:

"1. The court erred in overruling appellants' motion for a new trial.

"2. The court erred in its conclusion of law No. 1.

"3. The court erred in its conclusion of law No. 2."

The appellants have grouped, for the purpose of argument, their specifications of error into two areas, designated A and B. Specification A advances the following arguments:

1. The trial court erred in making special findings of fact and entering a judgment for the appellee for the reason that the theory of the amended complaint was based upon the foreclosure of a mechanic's lien; and that the evidence presented by the appellee at the trial clearly reveals that the changes, alterations and additions to the original contract, as requested by the appellants, amounted to a rescission of the written original contract and a promise to pay a reasonable value for the services performed and materials furnished. In other words, the appellants contend that the evidence of the appellee clearly reveals that the trial court based the amount of recovery on the value of services performed and materials furnished and not upon the contract price as agreed upon in the original contract.

2. The second error advanced under the heading specification "A" is that the award of the attorney fees is excessive.

All parties interested in this appeal generally agree that the remedy sought to be enforced is a statutory remedy, and is an action to foreclose a mechanic's lien brought pursuant to the provisions of Section 43-701, Burns' Indiana Statutes (1965 Replacement). The main dispute concerns the basis to be used in determining the amount of recovery. Is it, as appellants claim strictly the amount of the contract price, or is it, as appellee claims, the reasonable value for services performed and materials furnished?

The above cited mechanic's lien statute reads in part as follows:

"That contractors . . . performing labor or furnishing materials . . . for the erection . . . [of] any house . . . may have a lien . . . upon the house . . . which they may have erected . . . or for which they may have furnished materials . . . of any description, and on the interest of

the owner of the lot or parcel of land on which it stands or with which it is connected *to the extent of the value of any labor done, material* furnished or either." (Emphasis supplied)

The appellants in substance contend that the underlying theory for recovery, as set forth in appellee's amended complaint, is based on a special contract entered into by and between the parties and sought to recover a sum certain as agreed upon in the contract. The appellants further contend that appellee also sought to recover for certain extra and additional items furnished by the appellee at the request of the appellants. The alleged extra and additional items were set out in the Bill of Particulars attached to the complaint, and the special contract for a sum certain was attached as an exhibit to the complaint.

The first argument proposed by the appellants has to do with the sufficiency of appellee's evidence. In ground 2 of the motion for a new trial the appellants assert that the decision of the trial court was not sustained by sufficient evidence.

The appellee answers the argument set forth in ground 2 of the motion for a new trial by asserting that the attack on the sufficiency of the evidence has not been properly presented in this appeal. The reason given is that the appellants have not condensed all the relevant evidence in their condensed recital of the evidence to properly present the question of the sufficiency of the evidence as directed by Rule 2-17 (d) of the Supreme Court, and, therefore, any error predicated on the sufficiency of the evidence has been waived.

Rule 2-17 (d) reads as follows:

"If the verdict or finding is assailed as contrary to law for the lack of evidence, *the statement shall contain a condensed recital of so much of the evidence in narrative form with reference to pages and lines of the transcript as is necessary to present accurately and concisely a full understanding of the questions presented. . . .*" (Emphasis supplied)

The appellants also assail the sufficiency of the evidence in grounds 1 and 3 set forth in the motion for a new trial, namely, that the amount of recovery is too large and not supported by sufficient evidence; and that the decision of the trial court is contrary to law and not sustained by sufficient evidence. Again the appellee answers the argument of appellants by asserting that appellants' brief does not contain, in narrative form, in the condensed recital of the evidence so much of the evidence "as is necessary to present accurately and concisely a full understanding of the questions presented."

To support this contention, the appellee cites the case of *Getto* v. *Getto* (1947), 117 Ind. App. 623, 73 N. E. 2d 350. The *Getto* case held in substance that in the event the error assigned on appeal was the overruling of the motion for a new trial on the ground of insufficient evidence, Rule 2-17 (d), *supra,* requires the appellant to set forth in his brief a condensed recital, in narrative form, of so much of the evidence "as is necessary to present accurately and concisely a full understanding of the questions presented."

The appellee further maintains that in the event the appellants' brief does not contain such condensed recital of the evidence, as directed by Rule 2-17 (d), *supra,* this Court will not be required to search the record to determine the insufficiency of the evidence in order to reverse; and that for this Court to adequately consider the question of sufficiency of the evidence, requires a consideration of the evidence.

An examination of the record evidence and an appraisal of the condensed recital of the evidence, evidences the fact that the testimony of ten witnesses who testified at the trial has been omitted from the condensed recital of the evidence. It appears also that the appellants have failed to include any of the testimony which formed the basis of the court's assessment of the amount of recovery.

The position of the appellee appears to be supported and

sustained by the great weight of authority. We, therefore, are of the opinion that any error predicated on the sufficiency of evidence has not been properly presented in this appeal.

The appellants also attack special finding of facts No. 3 and No. 4 as not being sustained by the evidence. In answer the appellee asserts that an attack on a decision of a trial court as not being sustained by the evidence in effect is an attack on the special findings of fact. The appellee cites the case of *Major* v. *Miller* (1905), 165 Ind. 275, 75 N. E. 159. In this case our Supreme Court held as follows:

> "The statute prescribes the causes for which a new trial may be had, and one of them is that the decision of the court is not sustained by sufficient evidence. By the decision of the court is *meant the special finding of fact, when one is required.*" (Emphasis supplied)

The prevailing rule in Indiana is that appellants, by omitting a vast amount of evidence in the "condensed recital of the evidence," have waived any right to attack the special findings of fact; and that the attack on the special findings of fact must therefore fail. See, *Getto* v. *Getto, supra.*

The next contention of the appellants as set forth in ground 3 of the motion for a new trial is that the decision of the trial court is contrary to law. It has been uniformly detemined by our courts that a decision of a trial court which is contrary to law is one which is contrary to the principles of law as applied to the facts which the jury was called upon to try, or contrary to the principles of law which govern the case. See, *Bosseker* v. *Cramer* (1862), 18 Ind. 44. In applying this definition it is essential that the evidenciary facts adduced at the trial should be included in the "Condensed Recital of the Evidence" in order for our Court to rule upon any such question. This appellants have failed to do. It has also been held that a verdict contrary to law is one improperly affected by any error of law occurring

at the trial. See, *Marion County Construction Company* v. *Kimberlin* (1933), 96 Ind. App. 145, 184 N. E. 574. If appellants are proceeding upon this definition of a "verdict contrary to law," it is incumbent on them to set forth error or errors of law occurring at the trial upon which they rely, and this the appellants also have failed to do.

It is most difficult to perceive in what manner the argument advanced by the appellants in their brief supports the specifications of error No. 1, No. 2 and No. 3, set forth in the Motion for a New Trial. Clearly the presentation of said argument does not meet the requirements of Rule 2-17 (e) of the rules of the Supreme Court. This rule provides in pertinent part the following:

"... After each assignment of error relied upon—*except the ruling on a Motion for a New Trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out verbatim the relevant parts of such statutes as are deemed to have an important bearing. . . .*" (Emphasis supplied)

The appellants do not state concisely the basis of objections to the ruling of the trial court as to each cause for a new trial relied upon. Not having treated the errors assigned and the causes for a new trial, as directed by Rule 2-17, these errors are deemed waived pursuant to the provisions of Rule 2-17 (f) which is as follows:

"Appellant's original brief shall be indexed. *Errors assigned and causes for a new trial not treated as herein directed, shall be deemed waived.*" (Emphasis supplied)

The appellants argue that the doctrine of "theory of the case" should have been followed by the trial court. The specific error advanced by the appellants is that appellee should

not have been permitted to recover the reasonable value of the labor and materials in the construction of the dwelling house and garage for appellants, for the reason that the theory of recovery, as alleged in the complaint, is not based on quantum meruit but on contract. They attempt to invoke the doctrine of "theory of the case" and in support of this position they cite the case of *Burkhart* v. *Simms* (1945), 115 Ind. App. 576, 60 N. E. 2d 141. At page 587 of the reported opinion in this case, this Court spoke as follows:

"Appellee is bound by the theory of his complaint, and he must recover upon and according to that theory or not at all. A recovery by appellee cannot be sustained ■ unless the facts found are in accordance with the allegations of the complaint." (Citing cases)

The appellants are attempting to draw a distinction between a "contractual theory of recovery" and a "rescission theory of recovery." However, there is nothing in the deci-■ sion of the trial court to lead anyone to believe that the court was awarding any damages for "rescission," nor have the appellants maintained that the court made such an award. In fact the undisputed evidence does not evidence the fact that the special contract was ever rescinded. If the contract had been rescinded there would be no basis for an action to foreclose a mechanic's lien. It is quite clear that the award to appellee was for labor and materials provided at the special instance and request of appellants. In discussing what the appellants designate as the "contractual theory of recovery" they are recognizing that phase of mechanic's lien actions which is not based upon a contractual relationship. Dean Gavit in his *Indiana Pleading and Practice,* Vol. 2, Sec. 236, at page 1739, states that the furnishing by plaintiff of labor or materials used in the improvement of real estate and the amount owing for the same is *one of the elements of a prima facie case in an action brought to foreclose a mechanic's lien.* As a footnote to this statement, Dean Gavit says the following:

"As indicated by the above cases this phase of the case rests upon some contractual relationship, and frequently the written contract under which the labor and materials were furnished is the foundation of this aspect of the claim, and requires allegations as to performance and similar matters. "The theory behind the acquisition of a mechanic's lien is *that the property has been improved* by the lienor, with at least the consent of the owner." (Emphasis supplied)

Continuing on page 1740, Dean Gavit states:

"The foreclosure of the lien and the enforcement of the contractual basis of liability against one directly responsible for the improvement *are regarded as one action, so that the plaintiff properly alleges* all of the pertinent facts in one *pleading paragraph.*" (Emphasis supplied)

In *Vorhees* v. *Beckwell* (1894), 10 Ind. App. 224, 37 N. E. 811, our Court held that the theory of the complaint in such an action is simply to foreclose a mechanic's lien. The only difference between the *Vorhees* case and the case at bar is that the appellant in the *Vorhees* case advanced the argument that the trial court erred in overruling the demurrer to the complaint, the grounds for demurrer being that in the *Vorhees* case the complaint did not state facts sufficient to state a cause of action and that there was a misjoinder of causes of action. However, in the instant case appellants have failed to argue this question in their brief and therefore have waived any objection thereto. See, *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551; and *Stafford* v. *Searfoss* (1960), 131 Ind. App. 274, 170 N. E. 2d 252.

The appellants further claim that the special findings of fact are not supported by the pleadings; and that the case was actually tried upon the theory of contract rather than upon the theory of reasonable value. The appellants have attempted to demonstrate that reasonable value was not a fact in issue by omitting from their "Condensed Recital of the Evidence" all that evidence pertaining to reasonable value. It is quite clear that the appellee has consistently proceeded upon the theory propounded by Dean

Gavit and the theory enunciated by the *Vorhees* case; and his recovery has been had upon these theories. See, *Morris* v. *Louisville, N A & C R Co.* (1890) 123 Ind. 489, 24 N. E. 335; and *Merritt* v. *Pearson* (1877), 58 Ind. 385. It is our opinion that the matter of a contract is but one phase of this purely statutory action, and that the *theory of a lien upon which foreclosure may be had is that property has been improved by the lienor with at least the consent of the owner;* and further it is our opinion that the *theory of a suit to foreclose such a lien* is just simply an action to foreclose it.

It seems quite apparent that the appellants knew and could have known throughout this litigation what class of action they were defending. The complaint has consistently been styled as a complaint to foreclose a mechanic's lien, and appellants have recognized throughout this litigation that it is this class of action, and that they could therefore be held liable for the value of labor done and materials furnished in the construction of the dwelling house and garage. Appellants have not been misled as to the nature of the action herein. There is no showing, nor do they even complain that they have been in any way prejudiced in their preparation for this suit.

The appellants next contend that the court erred in awarding attorneys' fees. The appellee answers this argument by maintaining that the appellants forced the commencement of this action and therefore should not be allowed to complain of the award of the attorneys' fees in connection therewith. Although the appellants admit that the issue of tender became moot in view of the appellee's recovery in this action, they nevertheless devote considerable argument to the matter of tender. In the case of *Duckwall* v. *Jones* (1901), 156 Ind. 682, 58 N. E. 1055, our Supreme Court held in substance that the tender before action to foreclose a mechanic's lien is not sufficient to curtail attorneys' fees. The court did not err in making an award for attorneys' fees.

The appellants under specification B of their argument argue assignments of error No. 1 and 2.

In specification A of their argument the appellants argued Assignment of Error No. 1 and in this specification B they again argued this assignment of error. For the reason that Assignment of Error No. 1 has hereinbefore been answered in this opinion, we will not belabor the opinion with further discussion of this assignment.

The appellants next contend that the court erred in its conclusions of law No. 1 and 2 which are addressed to assignments of error No. 1 and 2. For the purpose of argument the appellants grouped the two assignments together.

Conclusion of Law No. 1 is as follows:

(1)   That the law in this case is with the plaintiff.

Conclusion of Law No. 2 is as follows:

(2)   That the statement of defendant Albert M. Prewitt as mentioned in Paragraph 4 of the Findings of Fact herein as a matter of law amounted to a rescission of the written contract heretofore entered into by plaintiff and defendants, and further amounted to an implied promise on the part of said defendants to pay the reasonable value of labor and materials furnished by plaintiff in the construction of the dwelling house and garage now situated on the real estate described in the above Findings of Fact."

The appellants maintain that if the trial court made a sufficient finding that there was an express contract entered into between the parties, then it would appear that there are sufficient ultimate facts in the findings to support Conclusion of Law No. 1. However, if the references in Special Findings of Fact No. 2 were insufficient to incorporate the express written agreement into the finding, then they argue that the findings lack a fact essential for recovery, under the pleadings and issues. It is to be noted that the appellants do not argue, state or charge that the trial court failed to make such a sufficient finding of fact.

The appellants failed to either state appellants' objection, or the basis of the objection to the ruling complained of, which is in violation of Supreme Court Rule 2-17; and that such objection is, therefore, deemed waived pursuant to paragraph (f) of said rule.

In further answer to appellants' argument contained in specification B, contending that the court erred in its Conclusion of Law No. 1, appellee calls attention to paragraphs 2 and 3 of the Special Findings of Fact wherein the trial court found the facts as follows:

"2. That on the 13th day of July, 1960, plaintiff and defendants entered into a written contract whereby defendants agreed to pay said sum for the construction of said dwelling house and garage.

"3. That in pursuance of said written contract and in pursuance of certain requests by defendants for changes, alterations and additions which were at variance with said contract, plaintiff did furnish the labor and materials in the construction of said dwelling house and garage and did complete the construction of the same in the month of December, 1960, and that plaintiff conscientiously attempted to comply with all the wishes of defendants in the construction of said dwelling house and garage."

Appellee contends that the foregoing findings standing alone, and more especially when considered along with the trial court's other findings adequately support the trial court's Conclusion of Law No. 1, to-wit: "that the law in this case is with plaintiff."

The following is quoted from *Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice,* Chapter 25, Section 1733, at page 356:

"While it is proper to include the detailed legal conclusion applicable to the facts as found, it is sufficient to set forth one conclusion 'The law is with the plaintiff' and if this conclusion is included, others will be disregarded as surplusage." See also, *Klinger* v. *Ottinger* (1939),

216 Ind. 9, 22 N. E. 2d 805; and *Owen County State Bank* v. *Guard* (1939), 217 Ind. 75, 26 N. E. 2d 395.

Appellee further contends that the appellants have failed to state a basis of the objection to the ruling that the trial court erred in the Conclusion of Law No. 1 which would permit the appellee to either meet or avoid said alleged error; have failed to exhibit clearly all of the issues of fact and law being presented; how such issues are applicable; and have failed to cite any authority in support of their contention. Therefore, it is appellee's contention that the appellants have waived their assignment of error concerning the trial court's Conclusion of Law No. 1.

Supreme Court Rule 2-17 provides that causes for a new trial not treated in the manner as directed by said rule shall be deemed to be waived. Pursuant to the provisions of said rule, it has generally been held that in cases where an appellant has failed to treat certain assignments of error under the heading "Argument," such assignments are deemed to be waived by subsection (f) of such rule. See, *Indiana Telephone Corp.* v. *Public Service Comm.* (1960), 131 Ind. App. 314, 171 N. E. 2d 111; and *South Bend* v. *Witcomb & Keller, Inc.* (1945), 224 Ind. 99, 64 N. E. 2d 580.

It appears to be quite evident that there are sufficient ultimate facts in the findings of the trial court to support the court's Conclusion of Law No. 1; and that the appellants have waived the said assignment of error.

Appellee further urges that the appellants admit that the written contract in question (Exhibit B to Appellants' Complaint, admitted into evidence as Exhibit A) "might well be said to be sufficiently incorporated into said findings by reference," and was sufficiently incorporated into Special Finding of Fact No. 2.

It has been uniformly held in this state that written instruments are not required to be copied into the special findings of fact—they only constitute the evidence of some ultimate

fact, and that it is only necessary to find ultimate facts. If an instrument is copied in the special findings of fact, it may be regarded as surplusage, just the same as any other evidenciary fact, except where it necessitates the inference of the ultimate fact. See, *Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton*, Ch. 25, Sec. 1732, p. 353; and *Daily* v. *Smith* (1918), 66 Ind. App. 393, 118 N. E. 312.

It is the office of a special finding of fact to recite the ultimate facts of which a written instrument is evidence. See, *American Income Ins. Co.* v. *Kindlesparker* (1941), 110 Ind. App. 517, 37 N. E. 2d 304.

In the case at bar it was not necessary to copy into special findings of fact the written contract—the same being an evidenciary fact and not an ultimate fact; and the written contract might be said to be sufficiently incorporated into the special findings of fact by reference.

The appellants further contend in their argument under specification B, that if the references in Special Findings of Fact No. 2 were insufficient to incorporate the express written agreement into the finding then the findings lack a fact essential to recovery, under the pleadings and the issues thereon.

In answer to this contention, the appellee maintains that the contention of the appellants is not in accord with the accepted law of Indiana. Although the appellee asserts that the references in Special Finding of Fact No. 2 were insufficient to incorporate the written contract by reference, even if the Special Finding of Fact No. 2 was not sufficient to incorporate the express contract by reference into said finding, the finding still would not lack a fact essential to recovery, under the pleadings and issues, for the following reasons:

1. Appellants admit that basically from the pleadings this was an action to foreclose a mechanic's lien. See, *Burns' Indiana Statutes* (1952 Repl.) 43-701.

2. The special findings of fact do not lack a recital of any fact essential for recovery under the pleadings and issues.

The necessary allegations to support an action to foreclose a mechanic's lien under the above quoted statute are, according *to Flanagan in Indiana Pleading and Procedure,* Ch. 45, p. 537, as follows:

(a) the complaint must show that plaintiff had a contract to furnish the labor or materials with the owner of real estate, and that the work and materials were furnished under the contract. See, *Stephenson et ux.* v. *Ballard et al.* (1875), 50 Ind. 176; *Adams* v. *Buhler et al.* (1888), 116 Ind. 100, 18 N. E. 269; *Courtney* v. *Luce et al.* (1935), 101 Ind. App. 622, 200 N. E. 501;

(b) the complaint should contain a description of the real estate sufficiently definite that the court can enter an order of sale which locates the property. See, *The City of Crawfordsville* v. *Barr* (1879), 65 Ind. 367; *Isbell Lumber & Coal Company* v. *The Marchesseau Plumbing Company et al.* (1937), 104 Ind. App. 373, 11 N. E. 2d 518;

(c) the complaint should show the materials were furnished and used for the building. See, *The City of Crawfordsville* v. *Barr, supra; McTurnan et al.* v. *Dailey* (1937), 214 Ind. 159, 14 N. E. 2d 913; *Luper* v. *Myers* (1894), 10 Ind. App. 314, 37 N. E. 1070;

(d) the complaint is required to show the amount that is due. See, *The City of Crawfordsville* v. *Irwin et al.* (1874), 46 Ind. 438; and

(e) the complaint is required to show that the proper notice was filed within 60 days from the completion of the work or furnishing the materials. See, *Thomas* v. *Kiblinger et ux.* (1881), 77 Ind. 85; *Ohio Oil Company* v. *Fidelity & Deposit Company of Maryland et al.* (1942), 112 Ind. App. 452, 42 N. E. 2d 406.

In *Indiana Pleading and Practice, supra,* Dean Gavit states that the theory behind the acquisition of a mechanic's lien is that property has been improved by the lienor with ▮ at least the consent of the owner. That in cases where the defendant who is responsible for the improvement is also the owner in fee of the property, *the plaintiff makes out a prima facie case on this score by alleging that the owner contracted for the improvement, that the plaintiff furnished labor or materials which was used in the improvement, and*

*that the labor or materials was furnished within the time allowed for the filing of the notice of the lien.* The Dean further states that the foreclosure of the lien and the enforcement of liability against one directly responsible for the improvement are regarded as one action so that the plaintiff properly alleges all of the pertinent facts in one pleading paragraph.

Further the appellant is not now in a position to challenge the complaint for the reason that the same fails to state a cause of action. This error should have been raised by a demurrer to the complaint. Where no objection is raised in the court below as to the propriety of the form of the action or the nature of the remedy or proceeding defendant will be regarded as having waived the objection, and will not be permitted to raise it for the first time on appeal. See, *I. L. E.,* Vol. 1, Ch. 4, Sec. 111, pp. 607 and 608; and *Fish* v. *Blasser* (1896), 146 Ind. 186, 45 N. E. 63.

Appellant, having failed to challenge the .complaint as a whole by demurrer to state a cause of action under the theory of any action to foreclose a mechanic's lien, cannot raise the question for the first time on appeal.

It also appears that the appellants are here, in an indirect manner, urging that there is a misjoinder of causes of action, one cause of action based on the theory of contract and the other on reasonable value of services performed and materials furnished. Questions of misjoinder cannot be raised for the first time on appeal. The law is well settled that in the event a complaint is attacked for the first time on appeal, the complaint is sufficient if it states facts sufficient to bar another action for the same cause. See, *Scott et al.* v. *Collier* (1906), 166 Ind. 644, 78 N. E. 184; *Xenia Real Estate Co.* v. *Macy* (1897), 147, Ind. 568, 47 N. E. 147; and *The Peoria and Eastern Railway Company et al.* v. *The Attica, Covington and Southern Railway Company* (1900), 154 Ind. 218, 56 N. E. 210.

The sufficiency of the complaint cannot for the first time be questioned in this Court in an assignment of error. See, *Indianapolis Power and Light Co.* v. *Waltz* (1937), 104 Ind. App. 526, 12 N. E. 2d 404.

Appellants maintain that the trial court's Findings of Fact No. 4 and No. 5 are not within the issues and pleadings; and that Conclusion of Law No. 2 is not supported by said findings.

In answer to this argument of the appellants, the appellee maintains that said Findings of Fact No. 4 and No. 5 are within the issues and pleadings for the reason that this was an action to *foreclose a mechanic's lien* and the basis of the complaint is on that theory.

There seems to be no question that in the case at bar, Finding of Fact No. 4 is within the issues, theory and pleadings in that it discloses the necessary knowledge and consent of the owner also the contract and modification thereof.

In Special Finding of Fact No. 5 the court set forth the reasonable value of the labor and materials used for the construction of the house and garage.

Under the mechanic's lien statute and the theory thereof, such finding was not only a proper finding and within the issues and pleadings but is a statutory requirement.

Appellants have failed to follow the Indiana rule requiring an appellant to state wherein the findings as a whole either fail to support the conclusions of law or fail to state what ultimate fact is missing therefrom. Special findings of fact may not be separately challenged on a motion for a new trial, but they are required to be challenged as a whole. See, I. L. E., Vol. 1, Ch. 4, Sec. 174, p. 661; *Thread Mills Company, et al.* v. *Hubbard et al.* (1926), 85 Ind. App. 5, 152 N. E. 294; *Stalcup et al.* v. *Lingle* (1921), 76 Ind. App. 242, 131 N. E. 852.

Appellants have waived Assignment of Error No. 3 for failure to include it in the argument portion of their brief.

Appellants' Assignment of Error No. 3 not having been argued and the basis of appellants' objection to the ruling complained of in said assignment not having been stated, and the appellants having neglected to exhibit clearly the points of fact and law being presented and how they are applicable, the appellants have waived their Assignment of Error No. 3. See, Rule 2-17 (e) of the Supreme Court, *supra*.

The case of *Garver* v. *Daubenspeck* (1864), 22 Ind. 238, has been called to our attention to support the proposition that the amount of recovery in cases wherein plaintiff seeks to recover under the terms of a special construction contract, should be limited to and determined by an amount certain specified and agreed to in said special contract. This case was decided in 1864 and basically was an action to enforce the provisions of a special contract of construction. The Indiana Mechanic's Lien statute was first enacted into law in 1909, quite a number of years after the *Garver* case was decided. The *Garver* case did not seek to foreclose a mechanic's lien. While the *Garver* case has been cited by our courts on numerous occasions, none of these cases sought to foreclose a mechanic's lien.

The undisputed evidence clearly establishes the fact that the special contract entered into by and between the parties thereto was varied, altered and modified by the request of the appellants to make certain additions and changes to the special contract and by the appellee agreeing to and making such changes. It is our opinion that the special contract entered into by and between the parties to this action was therefore varied, altered and modified by mutual agreement. Because of the variance of the original contract, it is further our opinion that the trial court committed no reversible error by assessing the amount of recovey on the basis of the value of the materials furnished and the labor performed.

For the reasons stated herein the decision and judgment of the trial court should be affirmed.

Affirmed.

Hunter, J. concurs;

Mote, J. concurs in result only with concurring opinion;

Bierly, J. concurs in concurring opinion.

## CONCURRING OPINION

Mote, J.—I am unable to concur in various expressions contained in Judge Smith's opinion, which seems to be predicated on the theory that a contract between a builder and the owner of a lot has no relativity in respect to the cost of the construcion of a house and garage. In answer to such a proposition as between the contracting parties, if there are no variations in the specifications for construction, it is my view that the parties are bound by the contract price for said construction, including material and labor.

In Finding No. 4 of the trial court is the following:

"4. That during the construction of said dwelling house and garage, the defendant Albert M. Prewitt stated to plaintiff that plaintiff should comply with all of the requests of the defendant Pauline Prewitt concerning said construction and that he, Albert M. Prewitt, would pay the costs thereof." In Judge Smith's opinion we find these statements:

"The appellants are attempting to draw a distinction between a 'contractual theory of recovery' and a 'rescission theory of recovery.' However, there is nothing in the decision of the trial court to lead anyone to believe that the court was awarding any damages for 'rescission,' nor have the appellants maintained that the court made such an award. In fact the undisputed evidence does not evidence the fact that the special contract was ever rescinded. If the contract had been rescinded there would be no basis for an action to foreclose a mechanic's lien. It is quite clear that the award to appellee was for labor and materials provided at the special instance and request of appellants. In discussing what the appellants designate as the 'contractual theory of recovery' they are recognizing that phase of mechanic's lien actions which is not based upon a contractual relationship."

Whatever the quoted part of the majority opinion may mean generally, it is perfectly clear to me that one remark therein is not in consonance with Finding of Fact No. 4 above quoted, from which the trial court in its conclusions of law No. 2 stated the following:

"(2) That the statement of defendant Albert M. Prewitt as mentioned in Paragraph 4 of the Findings of Fact herein as a matter of law amounted to a rescission of the written contract theretofore entered into by plaintiff and defendants, and further amounted to an implied promise on the part of said defendant to pay the reasonable value of labor and materials furnished by plaintiff in the construction of the dwelling house and garage now situated on the real estate described in the above Findings of Fact."

Obviously the trial court reached the conclusion that there were so many alterations in the construction contract that it was not reasonably possible to enforce the same, as a result of which appellants should be required to pay the reasonable cost and value of the material and labor used in the construction of the house and garage. If this is true, as we think it must be, we have no objection to the decision and the amount of money awarded by the trial court to the appellee. If this were not true and, in fact, if there were no rescission the parties to this record, in my opinion, should be bound by the contract price for the construction, which would include all materials and labor, and if there were some changes at the request of the appellants, either for elimination of some of the detail work prescribed by the contract or for additions thereto, adjustments would have to be made therefor. In such event I think there should be a diminution of the contract price for the items not required, and additions to the contract price for such items as were added thereto, all based upon reasonable value or cost thereof.

It is my opinion that the parties should be bound by the contract price, the diminutions and the additions, unless, as here, there apparently were so many alterations that it would

not be feasible to determine the amount owing for the construction based upon the "upset" or contract price.

Inasmuch as the trial court heard the evidence and reached a conclusion, as evidenced by its conclusions of law No. 2 above set forth, we find nothing wrong with the award by the trial court. For the record we must state that as between the contracting parties they should be held to the contract price until and unless there were so many alterations that it was not reasonably possible to use the agreed figure for the construction. To permit the majority opinion to stand without critical examination and comment, in my judgment, would lead to confusion and, indeed, make useless a contract for construction at a given price. There are several earlier cases which pronounce the legal principle upon which this concurring opinion is predicated.

In *Garver* v. *Daubenspeck* (1864), 22 Ind. 238, it was held that:

> ". . . The house, it appears, was built under a special contract, with perhaps some alterations made by the consent of the parties; and on the trial the Court permitted evidence to be given by the plaintiff of the reasonable value of the entire work and materials. Exception was taken to the ruling. It would seem that the contract price should have governed, so far as the work was done under the special contract. . . ."

In my opinion the legal principle pronounced in *Garver* still exists, regardless of amendments to the Mechanic's Lien Statute, § 43-701, *et seq.*, Burns' Indiana Statutes Annotated, 1965 Replacement. This principle has been adhered to in numerous later cases but I think it is unnecessary to cite the same.

Bierly, J. concurs with concurring opinion.

NOTE.—Reported in 216 N. E. 2d 724.