**Delores HARDIMAN, Appellant,**

v.

**Roy AKINS and Sarah Akins, Appellees.**

**No. 45A03–0004–CV–123.**

Court of Appeals of Indiana.

Nov. 22, 2000.

Karen D. Szumlanski, Merrillville, Indiana, Attorney for Appellant.

Douglas M. Grimes, Gary, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge

Delores Hardiman ("Mother") appeals the trial court's apportionment between her and her ex-husband, Frank Larkin ("Father"), of settlement money received from the accidental death of their son, Ramoine Larkin. She raises two issues, of which we address only one because we find it dispositive: whether the trial court's apportionment of damages to Father is clearly erroneous. We reverse.

The relevant facts follow. On June 13, 1996, fifteen year old Ramoine Larkin was accidentally shot and killed by Roy Akins, Jr. Mother sued Akins's parents, and they reached a settlement in which the Akins paid Mother $100,000. Subsequently, Mother filed a motion to apportion the $100,000 between her and Father. After a hearing, the trial court awarded $10,000 from the settlement to Father and awarded the rest to Mother.

■ Mother contends that Father forfeited his right to recover a share of the settlement because he abandoned Ramoine as described by Ind.Code § 34–23–2–1,[1] and, in the alternative, that the trial court's award of $10,000 to Father is unsupported by the evidence. Father argues that he recognized Ramoine as his son and attempted to visit him, thereby entitling him to a share of the settlement.[2] We

need not address the abandonment question because, assuming arguendo that Father did not abandon Ramoine, the evidence is insufficient to support the trial court's apportionment of damages to Father.

■ Neither party requested that the trial court enter specific findings of fact pursuant to Ind.Trial Rule 52. In such a case, a general finding or judgment will control as to issues upon which the trial court has not expressly found, and special findings will control only as to those issues that they cover. *Jones v. Jones*, 641 N.E.2d 98, 100–101 (Ind.Ct.App.1994). Special findings will be reversed on appeal only if they are clearly erroneous. *Id.* at 101. A general judgment will be affirmed upon any legal theory consistent with the evidence, and we will neither reweigh the evidence nor rejudge the credibility of the witnesses. *See id.*

■ The apportionment of damages for loss of a child's services and a child's love and affection is a question of fact to be determined at trial or between the parents. *Chamness v. Carter*, 575 N.E.2d 317, 320 (Ind.Ct.App.1991). The trial court is afforded broad discretion in the allocation of damages. *See Jones*, 641 N.E.2d at 100.

Pursuant to Ind.Code § 34–23–2–1, a parent may obtain damages for the wrongful death of a child:

(1) for the loss of the child's services;

\* \* \* \* \*
However, a parent or grandparent who abandoned a deceased child while the child was alive is not entitled to any recovery under this chapter.
Ind.Code § 34–23–2–1 (formerly Ind.Code § 34–1–1–8).

---

1. Ind.Code § 34–23–2–1 provides, in relevant part:

   (b) An action may be maintained under this section against the person whose wrongful act or omission caused the injury or death of a child. . . .
   \* \* \* \* \*
   (h) Damages awarded . . . inure to the benefit of:
   \* \* \* \* \*
   (2) the custodial parent, or custodial grandparent, and the noncustodial parent of the deceased child as apportioned by the court according to their respective losses. . . .

2. Father's brief is devoid of citation to the record, thereby violating Ind. Appellate Rule 8.2(B)(4). Furthermore, he has not included pinpoint page citations in his discussion of authorities, thereby violating Ind. Appellate Rule 8.2(B)(1). Neither of these defects is so fatal as to warrant striking his brief, but they do hinder our review of the case.

(2) for the loss of the child's love and companionship; and

(3) to pay the expenses of:

    (A) health care and hospitalization necessitated by the wrongful act or omission that caused the child's death;

    (B) the child's funeral and burial;

    (C) the reasonable expense of psychiatric and psychological counseling incurred by a surviving parent or minor sibling of the child that is required because of the death of the child;

    (D) uninsured debts of the child, including debts for which a parent is obligated on behalf of the child; and

    (E) the administration of the child's estate, including reasonable attorney's fees.

I.C. § 34–23–2–1(e).

Here, the trial court awarded Father $10,000, or ten percent, of the gross settlement amount. In doing so, the trial court determined: "both parents have suffered a horrible loss by the death of their child but, because of the constant and intense involvement in the life of their son, the custodial parent, Delores Hardiman's loss is more pronounced and she should receive the greater portion of the damages." Record, p. 56. Although this opinion is in no way intended to discount Father's grief, there is no evidence that Father has suffered a compensable loss. It is undisputed that Father never met Ramoine, spoke with him, or corresponded with him. Given the complete absence of a relationship between Father and Ramoine, there is no evidence to support an apportionment of the settlement money to Father for the loss of Ramoine's services, love, or companionship pursuant to Ind.Code § 34–23–2–1(e)(1) & (2). Furthermore, the record is undisputed that Mother and her new husband supported Ramoine throughout his life and paid for all of the medical bills and funeral costs arising from Ramoine's

shooting. Consequently, there is no evidence that Father has suffered any pecuniary losses pursuant to Ind.Code § 34–23–2–1(e)(3). We conclude that there is no evidence to support an apportionment of the settlement funds to Father because he has suffered no damages under Ind.Code § 34–23–2–1, and as a result the trial court's special findings are clearly erroneous. *Cf. Jones,* 641 N.E.2d at 101 (affirming a trial court's 65%–35% apportionment of damages between a mother and father where the mother had custody of the child and suffered a greater loss of companionship than the father, but the father had visitation and a "strong relationship" with the child, thereby entitling him to receive some of the damages).

For the foregoing reasons, we reverse the judgment of the trial court, and we remand with instructions to award all of the settlement proceeds to Mother.

Reversed.

BAKER and VAIDIK, JJ., concur.