## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Vincent M. Campiti
South Bend, Indiana

ATTORNEY FOR APPELLEES

Frank J. Agostino
South Bend, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradley S. Foster,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Just A Garden Center LLC<br>d/b/a Not Just A Garden Center<br>and Brett Parks,<br><br>*Appellees-Defendants* | July 10, 2019<br><br>Court of Appeals Case No.<br>18A-PL-2390<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable David C.<br>Chapleau, Judge<br><br>Trial Court Cause No.<br>71D06-1610-PL-342 |

**Altice, Judge.**

### Case Summary

[1] Bradley S. Foster appeals the trial court's award of $22,000 in attorney's fees to Just a Garden Center, LLC d/b/a Not Just a Garden Center and Brett Parks

(collectively, the Garden Center) pursuant to Ind. Code § 32-28-3-14, the mechanic's lien statute. Foster argues that the trial court's award of attorney's fees is contrary to law as most of the Garden Center's attorney's fees were incurred in pursuing and defending *in personam* claims, not foreclosure of its mechanic's lien.

We affirm and remand with instructions.

## Facts & Procedural History

Parks is the sole owner of Just a Garden Center, LLC d/b/a Not Just a Garden Center, which he operates as a retail garden center and as a contractor providing design and installation services for landscaping and hardscape projects. In June 2016, Foster contacted the Garden Center about an extensive landscaping and hardscape project at his home. On June 10, 2016, Foster met with the Garden Center and explained that he wanted to make his property less maintenance intensive. Foster desired to remove existing vegetation, concrete patios, and hardscapes and replace it all with brick pavers for the patio and pool areas, new hardscapes, brick stairs, and two fire pits. At that time, Foster was unsure about what he wanted to do with a pond that was also on his property. At some point Foster and the Garden Center also discussed construction of an outdoor kitchen that would include an opening for a grill and a pizza oven. Foster claims he advised the Garden Center that he wanted the project completed by August 6, which was his daughter's birthday. The Garden Center denies that the parties agreed to a specific deadline.

[4]     Ultimately, Foster and the Garden Center agreed that the Garden Center would perform labor and provide materials on a time and materials basis and that they would initially forgo the design process so work on the project could begin immediately. The Garden Center proceeded to remove the existing landscaping and hardscapes (including trees, shrubs, concrete steps, concrete patios, and free-standing brick walls). Eventually, the Garden Center provided a design to Foster. The Garden Center then started the installation of the paver patios and construction of the outdoor kitchen. Foster made lump-sum payments as requested by the Garden Center.[1] The Garden Center did not, however, complete the project by August 6. In September, Foster confronted the Garden Center about the delay in completion of the project. Foster also voiced concerns that certain aspects were not completed according to plan and that the completed work was shoddy. The parties exchanged counter proposals for completion of the project but failed to come to an agreement. On September 27, 2016, Foster informed the Garden Center that it was no longer welcome on his property.

[5]     On October 4, 2016, the Garden Center filed a Statement and Notice of Intention to Hold Mechanic's Lien, asserting that Foster still owed $72,841.31 for work it had performed and supplies it had furnished as part of the landscaping project at Foster's home. On October 12, 2016, Foster filed a complaint against the Garden Center for breach of contract, conversion, slander

---

[1] Throughout the course of the project, Foster paid the Garden Center $70,000.

of title, fraud, defamation, and treble damages. The Garden Center filed its answer to the complaint as well as a counterclaim for breach of contract, unjust enrichment, and enforcement of its mechanic's lien.

[6] A three-day jury trial commenced on May 9, 2018. Prior to jury selection, the parties agreed that the mechanic's lien and the matter of treble damages would not be presented to the jury as they were equitable matters for the court to decide. The remaining claims were then tried to the jury. At the conclusion of Foster's case-in-chief, the trial court granted the Garden Center's motion for a directed verdict as to Foster's claims for slander of title, fraud, defamation, and treble damages. At the conclusion of all of the evidence, the jury returned a verdict finding in favor of Foster on his breach of contract and conversion claims and awarded him $27,000 and $1000 in damages, respectively. The jury also found in favor of the Garden Center on its breach of contract claim and found its damages to be $40,000. After offsetting the damage awards, the trial court entered judgment in favor of the Garden Center for $12,000. The court stated that "the issues of foreclosure of mechanic's lien and other issues are to be set for further hearing." *Transcript Vol. 3* at 164.

[7] On May 18, 2018, the Garden Center filed a motion for attorney's fees pursuant to the mechanic's lien statute. Before the court could hold a hearing on that motion, the Garden Center filed a motion to correct error challenging the jury's verdict in favor of Foster on his breach of contract claim.

[8] At a July 24, 2018 hearing, the court heard argument on the Garden Center's motion to correct error, which it denied. The court also considered the Garden Center's request for attorney's fees. Counsel for the Garden Center submitted an itemized list of legal services rendered, which included time spent on discovery, trial preparation, and attendance at the jury trial. Counsel testified that he had been a practicing attorney in the area for twenty-three years, that he had expended 126.75 hours on the case, and that based on his experience, he charged a fair hourly rate of $250, for a total amount of attorney's fees of $31,687.50. The Garden Center requested that because it was successful on five of seven claims, that it be awarded five-sevenths of this amount, or approximately $22,000.

[9] Foster objected to the Garden Center's request for attorney's fees pursuant to the mechanic's lien statute, arguing that the majority of the attorney's fees identified were not incurred in pursuing foreclosure of the mechanic's lien, but rather separate, independent claims. Over Foster's objection, the trial court awarded the Garden Center $22,000 in attorney's fees. Foster filed a motion to correct error concerning the award of attorney's fees, which the court summarily denied. Foster now appeals. Additional facts will be provided as needed.

### Discussion & Decision

[10] Before we address Foster's challenge to the trial court's award of attorney's fees, we note that there is nothing in the record indicating that the trial court entered

judgment on the Garden Center's claim to foreclose on its mechanic's lien, which is the basis upon which the Garden Center is entitled to attorney's fees. Because the lien at issue exists to secure payment of the debt that the jury determined Foster owed the Garden Center, the trial court was required to order that the lien be foreclosed in the judgment amount to comply with the statute. *See Clark v. Hunter*, 861 N.E.2d 1202 (Ind. Ct. App. 2007) (remanding to trial court with instructions to foreclose on mechanic's lien where trial court entered judgment only on plaintiff's claim for breach of contract). We must therefore remand to the trial court with instructions that the court enter a judgment foreclosing the Garden Center's mechanic's lien.

[11] This brings us to Foster's challenge to the amount of attorney's fees that can properly be awarded to the Garden Center. "[I]n an action to enforce a [mechanic's] lien . . . , a plaintiff or lienholder who recovers a judgment in any sum is entitled to recover reasonable attorney's fees. The court shall enter the attorney's fees as a part of the judgment." I.C. § 32-28-3-14(a). We have explained that

> [t]he award of attorney's fees in an action to foreclose on a mechanic's lien is not an attempt to compensate the attorney for all the legal services performed in connection with the lien; rather, the amount of the award is intended to reflect the amount the lienholder reasonably had to expend to foreclose on the lien. Such awards should be made with caution so that excessive awards of attorney's fees do not discourage property owners from challenging defective workmanship on the part of lien holders. The amount awarded as attorney's fees therefore should be reasonable in relation to the amount of the judgment secured.

*Ponziano Const. Servs. Inc. v. Quadri Enters., LLC*, 980 N.E.2d 867, 877 (Ind. Ct. App. 2012) (internal citation omitted).

[12] Foster argues that the Garden Center's attorney's fees, at most, "can only reasonably include attorney services for preparing of the lien and filing it." *Appellant's Brief* at 13. In this vein, he notes that he elected to file an action for breach of contract and other claims in an *in personam* proceeding and that those claims are "fundamentally different" from enforcement of a mechanic's lien, which is an *in rem* action. *Id*. at 10. Foster therefore maintains that the Garden Center was not entitled to attorney's fees incurred in defending and/or pursing the *in personam* claims that were tried to the jury because such were independent causes of action that were completely separate and distinct from the mechanic's lien foreclosure.

[13] Foster's argument puts form over substance. In *Clark, supra*, an electrical contractor filed a notice of intent to hold a mechanic's lien against the landowner's property. The contractor then filed suit for breach of contract and to foreclose on its lien. The landowner filed an answer and a counterclaim alleging breach of contract. Following a bench trial, the trial court entered judgment in favor of the contractor on its breach of contract claim and denied the landowner's counterclaim. The court made no findings and did not enter a judgment on the contractor's claim to foreclose on its lien.

[14] On appeal, the contractor argued that the trial court, having found that it was entitled to recover, was obligated to foreclose on the mechanic's lien so the

contractor could collect what was owed. The landowner responded that because the contractor recovered on its legal (*in personam*) claim for breach of contract, the trial court need not have reached the equitable remedy afforded by the mechanic's lien. In rejecting the landowner's attempt to distinguish between legal and equitable principles behind the contractor's complaint, the court stated:

> Indiana mechanic's liens are purely statutory creations and in derogation of the common law. The legislature has determined that, when labor or materials are provided to improve real estate, money damages, the remedy at law, are inadequate. Further, as we have stated, "[t]he necessary allegations to support an action to foreclose a mechanic's lien [include the requirement that] the complaint must show that [the] plaintiff had a contract to furnish the labor or materials with the owner of real estate, and that the work and materials were furnished under the contract." *Prewitt v. Londeree*, 141 Ind. App. 291, 216 N.E.2d 724, 733 (1966). Of course, if the contract were paid in full, there would be no need to foreclose on the lien. Thus, to deny foreclosure on the theory that damages were awarded would eviscerate the mechanic's lien statute.

*Clark*, 861 N.E.2d at 1209 (some citations omitted).

[15]   Here, we similarly reject Foster's attempt to distinguish between the legal and equitable principles underlying the claims presented in the parties' pleadings so as to preclude recovery of attorney's fees. The usual case is that the lienholder files suit and the action proceeds in equity. Here, however, Foster beat the Garden Center to the courthouse, leaving the Garden Center to file a counterclaim to foreclose on its mechanic's lien. The parties agreed to have

their dispute tried by a jury but reserved the issue of foreclosure of the mechanic's lien for the trial court, as it is a matter of equity. With respect to an award of attorney's fees pursuant to the mechanic's lien statutory scheme, we find it of no consequence that Foster initiated the underlying *in personam* action or that a jury resolved the dispute. To hold otherwise would countenance a race to the courthouse.

[16] Foster does not challenge the trial court's entry of a directed verdict on his claim for slander of title and does not otherwise argue that the Garden Center's mechanic's lien is invalid. As noted above, when a lienholder recovers a judgment "in any sum," the lienholder "is entitled to recover reasonable attorney's fees" incurred to foreclose on the lien. I.C. § 32-28-3-14(a). Here, in light of the fact that the underlying claims were determined after a three-day jury trial, we conclude that $22,000 is a reasonable amount of attorney's fees attributable to enforcement of the Garden Center's mechanic's lien. Thus, upon remand, the trial court is instructed to enter a judgment foreclosing on the mechanic's lien in the amount of $12,000 and to include in such judgment $22,000 in attorney's fees. *See* I.C. § 32-28-3-14(a) ("The court shall enter the attorney's fees as a part of the judgment.").

[17] Judgment affirmed and remanded with instructions.

Kirsch, J. and Vaidik, C.J., concur.